ORAL ARGUMENT NOT YET SCHEDULED
CASE NOS. 24-1123; 24-1145

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

STARBUCKS CORPORATION
*Petitioner/Cross-Respondent,*

v.

NATIONAL LABOR RELATIONS BOARD,
*Respondent/Cross-Applicant,*

and

WORKERS UNITED, SERVICE EMPLOYEES INTERNATIONAL UNION,
*Movant-Intervenor for Respondent/Cross-Applicant.*

ON PETITION FOR REVIEW
FROM ORDER OF THE NATIONAL LABOR RELATIONS BOARD
NLRB CASE NOS. 19-CA-296765, 19-CA-310285, 19-CA-315753

_____

**OPENING BRIEF OF MOVANT-INTERVENOR FOR WORKERS
UNITED, SERVICE EMPLOYEES INTERNATIONAL UNION**

_____

GABE FRUMKIN
Barnard Iglitzin & Lavitt LLP
18 West Mercer St, Suite 400
Seattle, WA 98119
Tel: (206) 257- 6012
frumkin@workerlaw.com
*Attorney for Workers United, affiliated with
Service Employees International Union*

## DISCLOSURE STATEMENT

Workers United, affiliated with Service Employees International Union (Workers United or the Union) provides the following Corporate Disclosure Statement. The Union is a labor organization that does not have a parent corporation, and no publicly held corporation owns ten percent or more stock in the Union.

Date:  December 27, 2024.

*/s/Gabe Frumkin*_____
GABE FRUMKIN
Barnard Iglitzin & Lavitt LLP
18 West Mercer St, Suite 400
Seattle, WA 98119
Tel: (206) 257- 6012
frumkin@workerlaw.com

*Attorney for Workers United, affiliated with
Service Employees International Union*

## CERTIFICATE OF PARTIES, RULINGS AND RELATED CASES

**A.     Parties and Amici.**

1.  Starbucks is the Petitioner/Cross-Respondent.

2.  The National Labor Relations Board (Board or NLRB) is the Respondent and Cross-Petitioner for Enforcement.

3.  Workers United, affiliated with Service Employees International Union (Union) was the Charging Party in the underlying proceedings before the NLRB.

**B.     Rulings Under Review.**

Starbucks seeks review of the Decision and Orders in NLRB Case Nos. 19-CA-296765, 19-CA-310285, 19-CA-315753 on February 12, 2024, February 14, 2024, and April 2, 2024 (the Decision and Orders). The NLRB seeks enforcement of the Decision and Orders.

**C.     Related Cases.**

This case has not previously been before this Court or any other court. Workers United is not aware of related cases before this or any other court.

Date:  December 27, 2024.

*/s/Gabe Frumkin*
GABE FRUMKIN
Barnard Iglitzin & Lavitt LLP
18 West Mercer St, Suite 400
Seattle, WA 98119

Tel: (206) 257- 6012
frumkin@workerlaw.com

*Attorney for Workers United, affiliated with
Service Employees International Union*

## TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ........................................................1

STATEMENT OF ISSUES ...................................................................1

STATUTES AND REGULATIONS.......................................................1

STATEMENT AND FACTS OF THE CASE ........................................2

SUMMARY OF THE ARGUMENT .....................................................3

STANDARD OF REVIEW ...................................................................5

ARGUMENT .......................................................................................6

    I.    The Board Correctly Applied Its Rules To Find That Starbucks'
        Pleadings Were Untimely Filed. .........................................................6

        A.    The Board properly declined to accept Starbucks' late-filed
                pleadings because Starbucks has articulated no excuse for not
                understanding that the Board's E-Filing rules explicitly
                permitted it to file its pleadings without converting them to
                .PDFs, nor contended that there was any technical barrier to its
                having done so, and thus has provided no explanation at all for
                not having effetuated this by the deadline set by the Board. ......6

        B.    An independent reason that the Board properly applied its rule
                not to accept Starbucks' late-filed pleadings is that Starbucks
                did not act with "excusable neglect" when it waited until the
                last minute to attempt to submit its filings................................10

        C.    While The Board Did Not Need To Reach The Question, The
                NLRB And The Discriminatees Will Be Prejudiced If Review
                Is Granted. .................................................................................13

    II.    This Court's Decisions Regarding Analogous Precedent Regarding
        The Civil Rules And Statutory Deadlines Show The Appropriateness
        Of Strictly Enforcing Rule 102.2. ....................................................15

    III.    The Cases Cited By Starbucks In Support Of Its Case Are
        Inapplicable. .....................................................................................17

CONCLUSION ..................................................................................................19

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Estimating Sys., Inc. v. Riney*,
130 F.3d 996 (11th Cir. 1997) ..............................................................17

*Altercare of Wadsworth Ctr. for Rehab. & Nursing Care*, *Inc.*,
355 NLRB 565 (2010) ........................................................................18

*Am. Med. Response of Maricopa LLC*,
2019 WL 2099721 (Board Order dated May 10, 2019) ....................11

*Bartlett Nuclear, Inc.*,
314 NLRB 1 (1994) ..............................................................................8

*Cohen v. Bd. of Trustees of the Univ. of the D.C.*,
819 F.3d 476 (D.C. Cir. 2016) ............................................................9

*David E. Harvey Builders, Inc. v. OSHA*,
724 F. App'x 7 (D.C. Cir. 2018) .........................................................16

*Desert Hosp. v. NLRB*,
91 F.3d 187 (D.C. Cir. 1996) ...........................................................5, 6

*El v. Ramaphosa*,
2021 WL 1978010 (D.C. Cir. Feb. 22, 2021)....................................16

*Elevator Constructors Local 2 (Unitec Elevator Services Co.)*,
337 NLRB 426 (2002) ...............................................................6, 7, 8

*Food Servs. Of Am., Inc.*,
2012 WL 2023176 (Board Order dated June 5, 2012) ......................12

*Graphic Commc'ns Int'l Union v. Quebecor Printing Providence,*
*Inc.*,
270 F.3d 1 (1st Cir. 2001)....................................................................9

*Ground Zero d/b/a Academy for Creative Enrichment*,
2020 WL 2736327 (Board Order dated May 22, 2020) .....................18

*Gun Hill Rd. Meat Corp.*,
   338 NLRB 780 (2003) .......................................................................14

*Hall v. CIA*,
   437 F.3d 94 (D.C. Cir. 2006)..............................................................17

*Hosp. del Maestro v. NLRB*,
   263 F.3d 173 (1st Cir. 2001)..................................................................6

*Jewish Hosp. & St. Marys Healthcare, Inc. d/b/a Our Lady of Peace*,
   2012 WL 1680176 (Board Order dated May 14, 2012) .....................12

*Landmark Family Foods, Inc. d/b/a Church Square Supermarket*,
   356 NLRB 1357 (2011) .....................................................................18

*LaSalle Southwest Corrections and Federal Contract Guards of Am.*,
   2021 WL 3471605 (Aug. 5, 2021).......................................................19

*Lowry v. McDonnell Douglas Corp.*,
   211 F.3d 457 (8th Cir. 2000) ....................................................7, 9, 14

*M&M Affordable Plumbing, Inc.*,
   2018 WL 2086092 (Board Order dated May 3, 2018) ................11, 12

*McIntyre v. Washington Metro. Area Transit Auth.*,
   2020 WL 7351291 (D.C. Cir. Mar. 6, 2020) .....................................16

*Napleton 1050, Inc. v. NLRB*,
   976 F.3d 30 (D.C. Cir. 2020)................................................................5

*New York Party Shuttle, LLC*,
   2017 WL 4925474 (Board Order dated Oct. 27, 2017)................11, 13

*NLRB v. Tri-Cnty. Elec. Coop., Inc.*,
   2023 WL 5040960 (5th Cir. Aug. 8, 2023) ...............................6, 9, 16

*NLRB v. U.S.A. Polymer Corp.*,
   272 F.3d 289 (5th Cir. 2001) ................................................................6

*NLRB v. Washington Star Co.*,
   732 F.2d 974 (D.C. Cir. 1984).............................................................5

*Pioneer Inv. Services Co. v. Brunswick Associates Limited*
   *Partnership*,507 U.S. 380 (1993) ...........................................................7, 8, 9, 14

*Postal Service*,
   309 NLRB 305 (1992) ........................................................................6, 7

*Prizevoits v. Ind. Bell Tel. Co.*,
   76 F.3d 132 (7th Cir. 1996) ................................................................9

*Remington Lodging & Hospitality, LLC*,
   2011 WL 3793185 (Aug. 25, 2011)....................................................19

*Ridgewood Health Care Ctr., Inc.*,
   2015 WL 6429384 (Board Order dated Oct. 22, 2015)......................11

*Roy Spa LLC*,
   363 NLRB 1815 (2016) .....................................................................18

*In re Sheedy*,
   875 F.3d 740 (1st Cir. 2017).............................................................14

*Sherwood Coal Co.*,
   252 NLRB 497 (1980) .........................................................................8

*South Atlantic Trucking*,
   327 NLRB 534 (1999) ....................................................................8, 14

*Stage Emps. IATSE (Crossing Guard Prods.)*,
   316 NLRB 808 (1995) .......................................................................18

*Starbucks Corp.*,
   06-CA-294667 (Unpub. Order, Dec. 11, 2023), available at
   https://apps.nlrb.gov/link/document.aspx/09031d4583bf185e .........19

*Starrs Grp. Home, Inc.*,
   357 NLRB 1219 (2011) .....................................................................14

*T-Mobile USA, Inc.*,
   372 NLRB No. 4 (Nov. 18, 2022) ....................................................19

*Taotao USA, Inc. v. EPA*,
   2022 WL 3656869 (D.D.C. Aug. 1, 2022) ........................................15

*Taotao USA, Inc. v. EPA*,
    2023 WL 1484707 (D.C. Cir. Feb. 1, 2023)......................................................15

*Teamsters Loc. Union*
    *No. 455 (Cargill Meat Sols. Corp.)*, 364 NLRB 1788 (2016)...........................8

*Thomas v. United States*,
    1996 WL 103750 (D.C. Cir. Jan. 5, 1996) .......................................................17

*Tri-County Cooperative, Inc.*,
    2021 WL 3812268 (Board Order dated Aug. 25, 2021) *aff'd Tri-Cnty. Elec. Coop., Inc.*, 2023 WL 5040960........................................................11

*United Parcel Serv.*,
    312 NLRB 595 (1993) .......................................................................................8

*In re Vitamins Antitrust Class Actions*,
    327 F.3d 1207 (D.C. Cir. 2003)...................................................................5, 17

*WGE Federal Credit Union*,
    346 NLRB 183 (2005) .....................................................................................18

**Federal Statutes**

5 U.S.C. § 504...................................................................................................18

29 U.S.C. §§ 151, et seq....................................................................................1, 2, 5

29 U.S.C. § 156...................................................................................................5

29 U.S.C. § 160(a) .............................................................................................1

29 U.S.C. § 160(e) .............................................................................................1

29 U.S.C. § 160(f) ..............................................................................................1

**Regulations**

29 CFR § 28(a)(5) ..............................................................................................1

29 CFR § 102.2 ...................................................................................................16

29 CFR § 102.2(b) ..............................................................................................4

29 CFR § 102.2(d) ................................................................................11

29 CFR § 102.2(d)(1)........................................................................4, 13

29 CFR § 102.5(c)..............................................................................4, 10

29 CFR § 102.46(a).................................................................................2

**Rules**

Fed. R. App. P. 4(a)(5).............................................................................17

Fed. R. App. P. 60(b)(1) .........................................................................17

**Other Authorities**

Board E-Filing and E-Service Terms and Conditions, available at
https://apps.nlrb.gov/eservice/efileterm.aspx ………………………………10

# GLOSSARY OF ABBREVIATIONS

| Abr. | Description |
| --- | --- |
| The Act: | National Labor Relations Act (29 U.S.C. §§ 151, et seq.) |
| ALJ: | Administrative law judge |
| ALJD: | Administrative law judge decision |
| Board: | National Labor Relations Board |
| The Decision and Orders: | Decision and Orders in NLRB Case Nos. 19- CA-296765, 19-CA-310285, 19-CA-315753 on February 12, 2024, February 14, 2024, and April 2, 2024 |
| FRAP: | Federal Rules of Appellate Procedure |
| GCX: | General Counsel exhibits in Board hearing |
| NLRA: | National Labor Relations Act (29 U.S.C. §§ 151, et seq.) |
| Pet. Br.: | Opening brief of Petitioner/Cross-Respondent Starbucks to this Court |
| Starbucks: | Starbucks Corporation d/b/a Starbucks Coffee Company |
| ULP: | Unfair labor practice |
| Union: | Workers United, affiliated with Service Employees International Union |

## JURISDICTIONAL STATEMENT

This case is before the Court on the petition of the Starbucks Corporation for review, and the cross-application of the National Labor Relations Board for enforcement, of a Decision and Order issued by the Board against the Company on February 14, 2024, adopting the findings and conclusions of an Administrative Law Judge Decision (ALJD) dated November 27, 2023. The Board had jurisdiction over the unfair labor practice proceeding below pursuant to Section 10(a) of the National Labor Relations Act, 29 U.S.C. §§ 151, et seq., as amended ("the Act"). 29 U.S.C. § 160(a). The Board's Order is final, venue is proper, and this Court has jurisdiction pursuant to Section 10(e) and (f) of the Act. 29 U.S.C. § 160(e), (f).

## STATEMENT OF ISSUES

Whether the Board's Decision and Orders, in which it rejected the Petitioner's untimely filings and adopted the ALJ's findings that the Petitioner committed numerous unfair labor practices (ULPs), constitute an abuse of discretion and depart from controlling precedent, where the Petitioner's counsel admittedly filed their briefs late even though, according to the Board's rules and guidance and the facts alleged by the Petitioner, the Petitioner could have filed their filings within the prescribed timeframe.

## STATUTES AND REGULATIONS

Pertinent sections of the NLRA and the Code of Federal Regulations appear in a Statutory Addendum attached to this brief, consistent with Circuit Rule 28(a)(5).

## STATEMENT AND FACTS OF THE CASE

On August 28-31, 2023, ALJ Sharon L. Steckler presided over a hearing on the Consolidated Complaint in Case Nos. 19-CA-296765, 19-CA-310285, and 19-CA-315753 (ALJD p. 1). In her Complaint, the General Counsel of the NLRB alleged that Starbucks committed various unfair labor practices at stores in Oregon. (GCX 1(n)-1(q)). On November 27, 2023, the ALJ issued her ALJD, finding that Starbucks had committed numerous violations of the NLRA, including by unlawfully discharging two long-term employees in retaliation for protected activity. *Id.* p. 1, 44. Pursuant to Board rules, parties had until 28 days from the date the ALJ issued her ALJD to file exceptions with the NLRB. 29 CFR 102.46(a); *see also* Nov. 26, 2023, Board Order p. 1 (transferring case from ALJ to NLRB).

On December 13, 2023, the Petitioner filed a request for an extension of time to file exceptions and its brief in support of the exceptions with the Office of the Executive Secretary of the NLRB. (Extension of Time Request). On December 14, the Office of the Executive Secretary granted Starbucks' request, and extended the deadline for filing exceptions and supporting briefs until January 23, 2024. (Extension of Time Order).

January 23, 2024, came and went without any party filing exceptions with the NLRB. Then, on January 24, 2024, counsel for Starbucks filed their exceptions and supporting brief. (Board E-Filing Confirmation). Later that day, Starbucks filed a

motion to accept the late-filed exceptions and supporting brief. (Motion to Accept Late Filed Exceptions). In an accompanying affidavit, counsel for Starbucks claimed that she was "prepared to file" the exceptions and supporting brief on January 23, but "upon attempting to effectuate the e-filing, [she] was unable to convert the word documents in which the Exceptions and Brief were prepared to .pdf documents for e-filing." (Affidavit of Yijee Jeong p. 2, ¶ 4). Starbucks' counsel blamed an unspecified and unexplained "computer malfunction" and "related technical complications" for her failure to timely file Starbucks' pleadings. *Id.*

On January 25, the General Counsel and the Union filed oppositions to Starbucks' motion to accept the late pleadings. (GC Opposition To Late Filed Brief; Charging Party's Opposition to Late Filed Brief). In her opposition, the General Counsel cited the prejudice that she would suffer if the Board accepted Starbucks' untimely brief. (GC Opposition To Late Filed Brief p. 1). The Board denied Starbucks' motion on February 12, (February 12 Board Order) and adopted the ALJD by Order on February 14, 2024. (February 14 Board Order). Starbucks filed a motion for reconsideration of the Board's February 12, 2024, Order denying Starbucks' motion to accept its late pleadings on March 11, which the Board denied on April 2, 2024. Starbucks Motion for Reconsideration; April 2 Board Order.

## SUMMARY OF THE ARGUMENT

The NLRB maintains rules regarding timelines for filings. Among them is

Rule 102.2(b), which states in part that "E–Filed documents must be received by 11:59 p.m. of the time zone of the receiving office." Additionally, Rule 102.5(c) states that "[u]nless otherwise permitted under this section, all documents filed in cases before the Agency must be filed electronically ("E–Filed") on the Agency's Web site (www.nlrb.gov) by following the instructions on the Web site." Starbucks failed to comply with the Board's deadline for filing its exceptions and supporting brief, even after receiving a lengthy extension to the original deadline, and failed to heed the Board's clear and unambiguous rules for E-Filing papers.

Rule 102.2(d)(1) also states that exceptions, briefs, and motions "may be filed within a reasonable time after the time prescribed by these Rules only upon good cause shown based on excusable neglect and when no undue prejudice would result." Starbucks did not have good cause based on excusable neglect to file its exceptions and supporting brief late. Contrary to Starbucks' central argument, unspecified technological problems were not to blame for their untimely filing. Rather, two inexcusable actions on the part of Starbucks' counsel were to blame. First, ignoring the Board's clear cautionary language, Starbucks' counsel waited until the last minute to file their briefs. Second, Starbucks' counsel insisted on filing its pleadings in .pdf format even though the Board's E-Filing system would have accepted them in a Microsoft Word format without issue.

Starbucks' own briefing demonstrates that the Board enforces its rules

consistently, and did not abuse its discretion when enforcing them here. Finally, even though a finding of prejudice is not necessary to deny Starbucks' petition for review and grant the Board's petition for enforcement, this Court has ample evidence to conclude that the Board would be prejudiced by tolerating Starbucks' negligence.

## STANDARD OF REVIEW

The National Labor Relations Act authorizes the Board "to make such rules and regulations as may be necessary to carry out the provisions of the Act." 29 U.S.C. § 156. This Court has found that the Board has broad discretion to create and apply its rules, including its procedural rules pertaining to filing deadlines. *NLRB v. Washington Star Co.*, 732 F.2d 974, 977 (D.C. Cir. 1984) ("If the Board articulates its reasons for a strict rule that requires filings to be in hand on the due date and announces that it will apply this rule uniformly or with specific stated exceptions then this court would be obliged to defer to the Board's discretion and authority.").

This Court reviews "the Board's procedural rulings for abuse of discretion." *Napleton 1050, Inc. v. NLRB*, 976 F.3d 30, 39 (D.C. Cir. 2020). Abuse of discretion analysis allows for reversal only if the Board applied the wrong legal standard or relied on clearly erroneous findings of fact. *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003). The Court "will uphold a Board's exercise of discretion 'unless its action is unreasonable, arbitrary or unsupported by the evidence.'" *Desert Hosp. v. NLRB*, 91 F.3d 187, 191 (D.C. Cir. 1996), quoting *BB &*

*L, Inc. v. NLRB,* 52 F.3d 366, 369 (D.C.Cir.1995) (per curiam). The Court "therefore will uphold a Board decision if it is 'rational and in accord with past precedent.'" *Id.*, quoting *BB & L, Inc.,* 52 F.3d at 369.

Other courts have applied the "abuse of discretion" standard to deny employers' petitions for review of the Board's rejection of pleadings that were not timely filed. *NLRB v. Tri-Cnty. Elec. Coop., Inc.*, 2023 WL 5040960 at \*2 (5th Cir. Aug. 8, 2023) (petitioner did not show excusable neglect by failing to account for a time difference when calculating the filing deadline); *NLRB v. U.S.A. Polymer Corp.,* 272 F.3d 289, 298 (5th Cir. 2001); *Hosp. del Maestro v. NLRB*, 263 F.3d 173, 174 (1st Cir. 2001) (petitioner did not show excusable neglect when it claimed that its counsel did not understand the filing deadline for exceptions to an ALJD).

## ARGUMENT

**I.   The Board Correctly Applied Its Rules To Find That Starbucks' Pleadings Were Untimely Filed.**

**A.   The Board properly declined to accept Starbucks' late-filed pleadings because Starbucks has articulated no excuse for not understanding that the Board's E-Filing rules explicitly permitted it to file its pleadings without converting them to .PDFs, nor contended that there was any technical barrier to its having done so, and thus has provided no explanation at all for not having effectuated this by the deadline set by the Board.**

In *Elevator Constructors Local 2 (Unitec Elevator Services Co.),* 337 NLRB 426 (2002), the Board clarified its policy on excuses for late filings and announced its intention to "enforce strict compliance with the requirement of Section 102. [2(d)]." In so doing, the Board explicitly overruled its decision in *Postal Service,* 309

NLRB 305 (1992), in which it had found a "one day arithmetic error in the calculation of a due date [was] not so inexcusable as to warrant the rejection of" a late answering brief. In *Unitec,* 337 NLRB at 427, the Board explained that *Postal Service* was inconsistent with later Board decisions and with the Supreme Court's analysis of excusable neglect in *Pioneer Inv. Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380 (1993). In addition to clarifying its analysis of good cause and excusable neglect, the Supreme Court in *Pioneer* had noted that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable' neglect." *Pioneer,* 507 U.S. at 392.

As Starbucks concedes, a party's fault, and specifically whether the party "clearly had control over the events leading to the delay" is the "key factor" in whether the party acted with excusable neglect. Pet. Br. at 19, citing *Wilson v. Prudential Fin.*, 218 F.R.D. 1, 3 (D.D.C. 2003). *See also Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000) ("The four *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import. While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry.").

Starbucks could have avoided the untimely filing simply by reading the Board's rules and online guidance, realizing that the E-Filing system accepts filings in Microsoft Word format, and E-Filing the briefs in that format when they

7

purportedly encountered technical problems when attempting to convert the pleadings into PDFs.

Faced with a case in which a party's counsel who was unaware of a revision in the Board's rules requested an extension, the Board held that ignorance of the rules is insufficient to establish excusable neglect because "[i]f the Board were to excuse a failure to ascertain the requirements of applicable rules, then the rules would become a nullity." *Bartlett Nuclear, Inc.*, 314 NLRB 1 n.1 (1994); *United Parcel Serv.*, 312 NLRB 595 (1993). Indeed, "[t]he Board has consistently held that counsel inattention is not sufficient to establish good cause" for an untimely filing. *Teamsters Loc. Union No. 455 (Cargill Meat Sols. Corp.)*, 364 NLRB 1788, 1789 (2016), citing *King Courier*, 344 NLRB 485, 485 (2005); *South Atlantic Trucking*, 327 NLRB 534, 534-35 (1999); *Sherwood Coal Co.*, 252 NLRB 497, 497 (1980); *see also Unitec*, 337 NLRB at 427  (". . .[T]he Board has generally held that inattentiveness or carelessness, absent other circumstances or further explanation, will not excuse a late filing.").

Courts, including the Supreme Court and this one, agree that where a rule related to filing pleadings is clear and unambiguous, and the parties have not been misled by actions of the courts, a misinterpretation or misunderstanding of the rule does not constitute "excusable neglect." *Pioneer*, 507 U.S. at 392 ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute

'excusable' neglect. . ..''); *Cohen v. Bd. of Trustees of the Univ. of the D.C.*, 819 F.3d 476, 480 (D.C. Cir. 2016) (Upholding lower court's denial of request for an extension due to counsel's misreading the court's docket, and holding that if it were "to require the district court to excuse the type of mistake made by [party's] counsel, it would be hard to fathom the kind of neglect that we would not deem excusable.") (internal citations omitted); *Tri-Cnty. Elec. Coop., Inc.*, 2023 WL 5040960, at *3 (in a case in which the Court upheld the Board's denial of a petitioning employer's motion to accept a late-filed brief, holding "[a]nalogous precedent from this court regarding the Federal Rules concludes that in most cases, an attorney's simple misunderstanding ... weighs heavily against a finding of excusable neglect.") (internal quotations removed); *Graphic Commc'ns Int'l Union v. Quebecor Printing Providence, Inc.,* 270 F.3d 1, 5-6 (1st Cir. 2001) ("when a party's or counsel's misunderstanding of clear law or misreading of an unambiguous judicial decree is the reason for the delay ... we have continued to uphold findings of 'no excusable neglect'"); *Prizevoits v. Ind. Bell Tel. Co.,* 76 F.3d 132, 133 (7th Cir. 1996) ("'a showing of inability or refusal to read and comprehend plain language'" of rules will never be sufficient to show excusable neglect) (citation omitted); *Lowry,* 211 F.3d at 464 ("garden variety attorney inattention" to rules is not excusable neglect). And the Supreme Court holds that "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer*, 507 U.S. at 396.

9

Here, Starbucks' counsel was inattentive to the Board's E-Filing rules, which provided a simple solution to Starbucks' counsel's purported technological issues. Namely, Starbucks' counsel did not need to convert the documents to pdf formatting at all. The Board's rules instruct practitioners before the Board to E-File pleadings consistent with the instructions on the Board's website. 29 CFR 102.5(c). The Board's online E-Filing instructions could not be clearer: "To make the Agency's E-Filing system more widely available to the public, however, persons who do not have the ability to submit documents in pdf format may submit briefs, pleadings, and other non-evidentiary documents in Microsoft Word format (*.doc or *.docx)." Board E-Filing and E-Service Terms and Conditions, available at https://apps.nlrb.gov/eservice/efileterm.aspx. Starbucks' untimeliness was therefore not ultimately due to technological issues as it claims, (Affidavit of Yijee Jeong p. 2, ¶ 4), but rather to the type of inattention and carelessness of counsel that the Board and numerous courts hold to be inexcusable neglect. On this basis alone, Starbucks' petition for review should be denied.

**B.      An independent reason that the Board properly applied its rule not to accept Starbucks' late-filed pleadings is that Starbucks did not act with "excusable neglect" when it waited until the last minute to attempt to submit its filings.**

As demonstrated above, Starbucks' untimely filing was ultimately the result of its counsel's misunderstanding of the rules, not some unexplained technical issue. However, even assuming that a sudden computer malfunction was the root cause for

10

Starbucks' untimeliness, this would be insufficient to find excusable neglect. Contrary to Starbucks' argument, the Board has for years consistently applied Rule 102.2(d) by holding that good cause based on excusable neglect does not exist where a party files a pleading, including exceptions and supporting briefs to an ALJD, late due to purported technological problems. *Tri-County Cooperative, Inc.*, 2021 WL 3812268 (Board Order dated Aug. 25, 2021) *aff'd Tri-Cnty. Elec. Coop., Inc.*, 2023 WL 5040960, at *2 (holding that exceptions that were filed 30 minutes late would not be accepted); *Am. Med. Response of Maricopa LLC*, 2019 WL 2099721 (Board Order dated May 10, 2019) ("The reasons for the late filing, i.e., technological difficulties on the user's end, do not rise to the level of excusable neglect."); *M&M Affordable Plumbing, Inc.*, 2018 WL 2086092 (Board Order dated May 3, 2018); *New York Party Shuttle, LLC*, 2017 WL 4925474 (Board Order dated Oct. 27, 2017) (denying motion to accept late-filed response where "[c]ounsel for the Respondent . . . acknowledged that the attempted E-Filing did not proceed to the final confirmation page of the process."); *Ridgewood Health Care Ctr., Inc.*, 2015 WL 6429384 (Board Order dated Oct. 22, 2015) (rejecting pleadings filed by parties that were filed five and six minutes late, respectively, because "the reasons for the late filings do not rise to the level of excusable neglect" where "[t]he Board's e-filing terms warn potential filers not to wait until the last minute to file, and that a user's problems with hardware, software, or internet service providers, or problems understanding and

following the e-filing instructions, will not excuse an untimely filing."); *Food Servs. Of Am., Inc.*, 2012 WL 2023176 (Board Order dated June 5, 2012).

In this case Starbucks made the bald assertion that "computer malfunction and related technical complications" resulted in the fatal delay. (Affidavit of Yijee Jeong p. 2, ¶ 4).[1] The Board warns every user of its E-Filing system that technological issues will not excuse late filing, (Board E-Filing and E-Service Terms and Conditions), and has repeatedly rejected this as a basis for granting an extension of time based on excusable neglect. The Board denied Starbucks' request to accept its untimely pleading consistent with the vast majority of its decisions.

The Board has also consistently held that parties that wait until the last minute to file pleadings assume a risk that their pleadings will not be accepted if they are untimely. *M&M Affordable Plumbing, Inc.*, 12018 WL 2086092 (". . . [P]arties who choose to file on the final day for doing so assume the risk that something can go wrong, particularly if, as here, the attempted filing takes place on the evening of the final day."); *New York Party Shuttle, LLC*, 2017 WL 4925474 ("The Respondent has

---

[1] The Board has rejected motions to accept late-filed briefs where, as here, the supporting affidavits are so vague that they do not comply with the Board's rules regarding specificity. *See Jewish Hosp. & St. Marys Healthcare, Inc. d/b/a Our Lady of Peace*, 2012 WL 1680176 (Board Order dated May 14, 2012). In this case, the supporting affidavit fails to provide any specifics about the nature of the technological issue, when Starbucks' counsel first attempted to convert files to PDFs, when she first sought help, and what steps were undertaken to make her computer functional. This supporting affidavit lacks the specificity necessary to show that Starbucks would not have filed its brief late anyway. *See id*.

failed to show excusable neglect for the failure to file by the deadline set in response to a prior request for an extension of time. Parties who choose to file on the final day for doing so assume the risk that something can go wrong, particularly if, as here, the attempted filing takes place on the evening of the final day.").

Starbucks does not deny that it waited until the last minute to file its exceptions. Instead, Starbucks attempts to deflect blame by observing "that most parties file briefs on the due date, including the General Counsel who waited until the due date to file her post hearing brief in the underlying matter . . .." Pet. Br., 17. While this may be true, it simply establishes that all parties assume the risk as stated on the Board's E-Filing page equally despite the unambiguous warnings on the E-Filing website. *See* Board E-Filing and E-Service Terms and Conditions. In this case, Starbucks must bear the consequences of its actions like all other parties.

## C.     While The Board Did Not Need To Reach The Question, The NLRB And The Discriminatees Will Be Prejudiced If Review Is Granted.

Rule 102.2(d)(1) is clear that late exceptions and briefs in support thereof may be accepted "only upon good cause shown based on excusable neglect and when no undue prejudice would result." According to the plain language of the rule, if a party does not act with excusable neglect then the late-filed document should not be accepted, regardless of prejudice. *See id.*

Applying the *Pioneer* test to rules governing procedure before bankruptcy court and district courts, the courts of appeal have held that a party's untimely filing

13

will not be forgiven if the reason for the untimely filing was not excusable neglect. *See In re Sheedy*, 875 F.3d 740, 744 (1st Cir. 2017) ("Even where there is no prejudice, impact on judicial proceedings, or trace of bad faith, the favorable juxtaposition of these factors does not excuse the delay where the proffered reason is insufficient.") (cleaned up); *Lowry,* 211 F.3d at 464 ("While prejudice, length of delay, and good faith might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry. . . . [A]t the end of the day, the focus must be upon the nature of the neglect.").

Here, Starbucks argues that its untimely pleadings should be accepted because the other parties will not be prejudiced. Pet. Br. at 8. But this argument is irrelevant because Starbucks was not excusably negligent; its negligence was inexcusable based on its counsel's failure to understand or heed the Board's clear and unambiguous rules. The Board's denial of Starbucks' request that its untimely exceptions be accepted is consistent with the Board's practice of strictly enforcing its own deadlines even in the absence of prejudice to other parties. *See Starrs Grp. Home, Inc.*, 357 NLRB 1219, 1220 (2011); *Gun Hill Rd. Meat Corp.*, 338 NLRB 780, 781 (2003); *South Atlantic Trucking, Inc.*, 327 NLRB 534, 535 (1999).

However, even if this Court did reach the question of prejudice, Starbucks cannot show that neither the NLRB nor the discriminatees in the case below will not be prejudiced if the case is remanded to the Board. To the contrary, this Court has

found, in the context of denying a motion for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure (FRAP) 4(a)(5), that "extending the time to file a notice of appeal would prejudice the government by requiring it to devote further attention and resources to this case." *Taotao USA, Inc. v. EPA*, 2023 WL 1484707, at *1 (D.C. Cir. Feb. 1, 2023) *aff'g Taotao USA, Inc. v. EPA*, 2022 WL 3656869, at *2 (D.D.C. Aug. 1, 2022) ("Moreover, the long history of this case shows that further delay would inflict prejudice not only on defendants but also on the American public. . . . Further delay and litigation over issues for which plaintiffs have already had an opportunity to address fully would continue to require attention and resources of the EPA. . . . [T]he reason for the delay, in particular, and the danger of prejudice to defendants weighs against plaintiffs.").

In this case, contrary to Starbucks' assertion, the General Counsel of the NLRB argued that it would be prejudiced by Starbucks' untimely exceptions. GC Opposition To Late Filed Brief p. 1. As in *Taotao USA, Inc.*, if this Court grants Starbucks' request, the government will be prejudiced by having to devote significant resources to adjudicating Starbucks (meritless) exceptions. Moreover, the discriminatees will suffer prejudice by experiencing further delay before receiving the remedy they are entitled to receive, including backpay and reinstatement.

**II.    This Court's Decisions Regarding Analogous Precedent Regarding The Civil Rules And Statutory Deadlines Show The Appropriateness Of Strictly Enforcing Rule 102.2.**

When denying a petition for review of a Board decision filed by an employer who did not act with excusable neglect by missing a deadline, a sibling circuit has examined "analogous precedent from [the] court regarding the Federal Rules" to conclude that "'in most cases, an attorney's simple misunderstanding ... 'weighs heavily against a finding of excusable neglect.'" *Tri-Cnty. Elec. Coop., Inc.*, 2023 WL 5040960, at \*2, quoting *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021).

This Court has also upheld administrative decisions that no excusable neglect existed "[w]here timely response was within the employer's reasonable control" when the late filings were only filed one or two days late. *David E. Harvey Builders, Inc. v. OSHA*, 724 F. App'x 7, 9 (D.C. Cir. 2018), citing *Villa Marina Yacht Harbor, Inc.*, 2003 WL 716983 (O.S.H.R.C. Mar. 3, 2003).

Finally, this Court also has shown inflexibility regarding deadlines for petitions to review. *El v. Ramaphosa*, 2021 WL 1978010, at \*1 (D.C. Cir. Feb. 22, 2021) (no good cause shown by pro se litigant who filed a notice of appeal late after failing to comprehend this Court's filing rules); *McIntyre v. Washington Metro. Area Transit Auth.*, 2020 WL 7351291, at \*1 (D.C. Cir. Mar. 6, 2020) (rejecting an untimely notice of appeal when counsel for the would-be appellant did not provide evidence about how medical issues impaired her ability to timely file a notice of appeal); *Hall v. CIA*, 437 F.3d 94, 99 (D.C. Cir. 2006) (Federal Rule of Civil

Procedure 60(b)(1) provides relief from a final judgment only in rare circumstances); *Thomas v. United States*, 1996 WL 103750, at *1 (D.C. Cir. Jan. 5, 1996) (dismissing untimely appeal where appellant's attorney miscalculated the number of days in a month when calendaring deadlines). *See also In re Vitamins Antitrust Class Actions*, 327 F.3d at 1210 (holding that "an attorney's failure to file a timely notice of appeal [is] an issue of special interest to the courts of appeal"), citing *Lowry*, 211 F.3d at 462 (district court abused its discretion in holding that an appellant demonstrated excusable neglect under FRAP 4(a)(5) for ignoring deadlines), *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997 (11th Cir. 1997) (same).

Here, Starbucks presents no reason why the Court should rule against the weight of the Board's past decisions, this Court's decisions, or other court's holdings.

## III.    The Cases Cited By Starbucks In Support Of Its Case Are Inapplicable.

Starbucks' argument relies heavily on the dissenting opinions of Board members. Pet. Br. at 8, (quoting *Ridgewood Health Care Ctr, Inc.*, 2015 WL 6429384 (Member Miscimarra, dissenting)), 15 (quoting *St. Regis Enters., LLC*, 364 NLRB 1848, 1853 (2016) (Member Miscimarra, dissenting) (quoting *Pioneer*, 507 U.S. at 388)). The majority holdings directly rebut Starbucks' arguments.

Starbucks also attempts to paper over critical distinctions in other cases. In *Roy Spa LLC*, 363 NLRB 1815, 1815-1816 (2016), the Board affirmed the grant of an extension of time due to "an extraordinary intervening event--the shutdown of the

17

Federal Government from October 1 through 16, due to a lapse in appropriations," which led the General Counsel to be unable to work and led to a delay of nearly two months in the referral of the issue to an ALJ. Moreover, the dispute concerned timelines under the Equal Access to Justice Act, 5 U.S.C. § 504, not the Board's deadlines in its Rules and Regulations. *Id.* In *Ground Zero d/b/a Academy for Creative Enrichment*, 2020 WL 2736327 (Board Order dated May 22, 2020), the Board granted dispensation due to the COVID pandemic and because no party objected; here, there was no global calamity that impacted Starbucks' counsel's poor performance, and both the General Counsel and the Charging Party objected. In *Stage Emps. IATSE (Crossing Guard Prods.)*, 316 NLRB 808 (1995), the Board granted latitude in part because the respondent union, which submitted an answer a day late, was misled by the counsel for General Counsel about filing. And in *Altercare of Wadsworth Ctr. for Rehab. & Nursing Care*, *Inc.*, 355 NLRB 565, 569 (2010) and *Landmark Family Foods, Inc. d/b/a Church Square Supermarket*, 356 NLRB 1357, fn. 2 (2011), the ALJ accepted a late brief, but because no parties objected, the Board did not have occasion to weigh in on the ALJ's procedural ruling. Finally, *WGE Federal Credit Union*, 346 NLRB 183 (2005) is distinguishable because the Board noted that the timeliness rules were new and afforded the late-filing party dispensation accordingly. Here, the rules governing the deadlines were not new, and in fact Starbucks failed to comply with a deadline that it requested more

than a month before its untimely filing. Request for Extension of Time.

Starbucks also cites to two ALJDs: *LaSalle Southwest Corrections and Federal Contract Guards of Am.*, 2021 WL 3471605 (Aug. 5, 2021) and *Remington Lodging & Hospitality, LLC*, 2011 WL 3793185 (Aug. 25, 2011). These Decisions are not binding and have no precedential value on the Board. *T-Mobile USA, Inc.*, 372 NLRB No. 4, fn. 14 (Nov. 18, 2022).

Finally, Starbucks points to a recent decision by the Board to accept an untimely pleading filed by the General Counsel as evidence of the arbitrariness of the Board's decisions. Pet. Br. p. 24. Starbucks admits that it did not object to the General Counsel's late-filed brief in that case and fails to note that the Board accepted the late filed brief "in light of the lack of opposition to the motion." *Starbucks Corp.*, 06-CA-294667, (Unpub. Order, Dec. 11, 2023), available at https://apps.nlrb.gov/link/document.aspx/09031d4583bf185e. This distinction is critical, especially in light of *Starbucks Corp.*, 2024 WL 2111220, at *2, fn. 3. (May 1, 2024) (ALJ denied Workers United's motion to accept untimely filing after filing a post-hearing brief 17 minutes late after Starbucks opposed the Union's motion).

## CONCLUSION

For the foregoing reasons, Workers United respectfully request that the Court deny Starbucks' petition for review and grant the NLRB's cross-application for enforcement and enforce the Board's Order in full.

Date:  December 27, 2024.

> */s/Gabe Frumkin*
> GABE FRUMKIN
> Barnard Iglitzin & Lavitt LLP
> 18 West Mercer St, Suite 400
> Seattle, WA 98119
> Tel: (206) 257- 6012
> frumkin@workerlaw.com
>
> *Attorney for Workers United, affiliated with*
> *Service Employees International Union*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(e)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 4,876 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point, Times New Roman font.

Dated this 27th day of December, 2024.

*/s/Gabe Frumkin*
GABE FRUMKIN
Barnard Iglitzin & Lavitt LLP
18 West Mercer St, Suite 400
Seattle, WA 98119
Tel: (206) 257- 6012
frumkin@workerlaw.com

*Attorney for Workers United, affiliated with*
*Service Employees International Union*

21

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the DC Circuit using the Appellate Electronic Filing system which will send notification of such filing to the following:

| | |
|---|---|
| Emily J. Carapella<br>Maurice Baskin<br>Littler Mendelson, P.C.<br>815 Connecticut Ave. NW, Ste. 400<br>Washington, DC 20006<br>E-mail: ECarapella@littler.com<br>E-mail: MBaskin@littler.com | Frederick C. Miner<br>Littler Mendelson, P.C.<br>2425 East Camelback Rd., Ste. 900<br>Phoenix, AZ 85016<br>E-mail: FMiner@littler.com |
| Jeffrey S. Hiller<br>Littler Mendelson, P.C.<br>41 South High St., Ste. 3250<br>Columbous, OH 43215<br>E-mail: JHiller@littler.com | Ruth E. Burdick<br>Heather Stacy Beard<br>Usha Dheenan<br>National Labor Relations Board<br>1015 Half St. SE<br>Washington, DC 20570<br>E-mail: AppellateCourt@nlrb.gov<br>E-mail: Heather.Beard@nlrb.gov<br>E-mail: Usha.Dheenan@nlrb.gov |

Date: December 27, 2024, in Seattle, WA.

*/s/ Jennifer Fernando*
*Jennifer Fernando, Paralegal*

# STATUTORY AND REGULATORY ADDENDUM

## TABLE OF CONTENTS

29 U.S.C. § 156 ................................................................................. A-1

29 U.S.C. § 160(a) ........................................................................... A-1

29 U.S.C. § 160(e) ........................................................................... A-2

29 U.S.C. § 160(f) ............................................................................ A-2

29 CFR 102.2(b) .............................................................................. A-3

29 CFR 102.2(d)(1) .......................................................................... A-4

29 CFR 102.5(c) ............................................................................... A-4

29 CFR 102.46(a) ............................................................................. A-5

FRAP 4(a)(5) .................................................................................... A-6

NLRB E-Filing and E-Service Terms and Conditions ....................... A-6

**Relevant sections of the National Labor Relations Act ("the Act") (29 U.S.C. § 151, et seq.) are as follows:**

## Section 6, 29 U.S.C. § 156

The Board shall have authority from time to time to make, amend, and rescind, in the manner prescribed by subchapter II of chapter 5 of title 5, such rules and regulations as may be necessary to carry out the provisions of this subchapter.

## Section 10(a), 29 U.S.C. § 160(a)

**Powers of Board generally**

The Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice (listed in section 158 of this title) affecting commerce. This power shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, law, or otherwise:

Provided, That the Board is empowered by agreement with any agency of any State or Territory to cede to such agency jurisdiction over any cases in any industry (other than mining, manufacturing, communications, and transportation except where predominantly local in character) even though such cases may involve labor disputes affecting commerce, unless the provision of the State or Territorial statute applicable to the determination of such cases by such agency is inconsistent with the corresponding provision of this subchapter or has received a construction inconsistent therewith.

## Section 10(e), 29 U.S.C. § 160(e)

**Petition to court for enforcement of order; proceedings; review of judgment**

The Board shall have power to petition any court of appeals of the United States, or if all the courts of appeals to which application may be made are in vacation, any district court of the United States, within any circuit or district, respectively, wherein the unfair labor practice in question occurred or wherein such person resides or transacts business, for the enforcement of such order and for appropriate temporary relief or restraining order, and shall file in the court the record in the proceedings, as provided in section 2112 of title 28. Upon the filing of such petition, the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction of the proceeding and of the question determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper, and to make and enter a decree enforcing, modifying and enforcing as so modified, or setting aside in whole or in part the order of the Board. No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances. The findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive. If either party shall apply to the court for leave to adduce additional evidence and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing before the Board, its member, agent, or agency, the court may order such additional evidence to be taken before the Board, its member, agent, or agency, and to be made a part of the record. The Board may modify its findings as to the facts, or make new findings by reason of additional evidence so taken and filed, and it shall file such modified or new findings, which findings with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive, and shall file its recommendations, if any, for the modification or setting aside of its original order. Upon the filing of the record with it the jurisdiction of the court shall be exclusive and its judgment and decree

A-2

shall be final, except that the same shall be subject to review by the appropriate United States court of appeals if application was made to the district court as hereinabove provided, and by the Supreme Court of the United States upon writ of certiorari or certification as provided in section 1254 of title 28.

## Section 10(f) 29 U.S.C. § 160(f)

**Review of final order of Board on petition to court**
Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia, by filing in such a court a written petition praying that the order of the Board be modified or set aside. A copy of such petition shall be forthwith transmitted by the clerk of the court to the Board, and thereupon the aggrieved party shall file in the court the record in the proceeding, certified by the Board, as provided in section 2112 of title 28. Upon the filing of such petition, the court shall proceed in the same manner as in the case of an application by the Board under subsection (e), and shall have the same jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper, and in like manner to make and enter a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board; the findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall in like manner be conclusive.

**Relevant sections of Board rules are as follows:**

## NLRB Board Rule. 29 CFR 102.2(b)

(b) *Timeliness of filings.* If there is a time limit for the filing of a motion, brief, exception, request for extension of time, or other paper in any proceeding, such document must be received by the Board or the officer or agent designated to receive such matter on or before the last day of the time limit for such filing or the last day of any extension of time that may have been granted. Non E-Filed documents must be received before the official closing time of the receiving office (see *www.nlrb.gov* setting forth the official business hours of the Agency's several offices). E-Filed documents must be received by 11:59 p.m. of the time zone of the receiving office. In construing this section of the Rules, the Board will accept as timely filed any document which is postmarked on the day before (or earlier than) the due date; documents which are postmarked on or after the due date are untimely.

"Postmarking" must include timely depositing the document with a delivery service that will provide a record showing that the document was given to the delivery service in sufficient time for delivery by the due date, but in no event later than the day before the due date. However, the following documents must be received on or before the last day for filing:

> (1) Charges filed pursuant to Section 10(b) of the Act (see also § 102.14).

> (2) Applications for awards and fees and other expenses under the Equal Access to Justice Act.

> (3) Petitions to revoke subpoenas.

> (4) Requests for extensions of time to file any document for which such an extension may be granted.

## NLRB Board Rule. 29 CFR 102.2(d)(1)

(d) *Late-filed documents.*

> (1) The following documents may be filed within a reasonable time after the time prescribed by these Rules only upon good cause shown based on excusable neglect and when no undue prejudice would result:

## NLRB Board Rule, 29 CFR 102.5(c)

*E-Filing with the Agency.* Unless otherwise permitted under this section, all documents filed in cases before the Agency must be filed electronically ("E-Filed") on the Agency's Web site (www.nlrb.gov) by following the instructions on the Web site. The Agency's Web site also contains certain forms that parties or other persons may use to prepare their documents for E-Filing. If the document being E-Filed is required to be served on another party to a proceeding, the other party must be served by email, if possible, or in accordance with paragraph (g) of this section. Unfair labor practice charges, petitions in representation proceedings, and showings of interest may be filed in paper format or E-Filed. A party who files other documents in paper format must accompany the filing with a statement explaining why the party does not have access to the means for filing electronically or why filing electronically would impose an undue burden. Notwithstanding any other provision in these Rules, if a document is filed electronically the filer need not also file a hard copy of the document, and only one copy of a document filed in hard copy should be filed.

Documents may not be filed with the Agency via email without the prior approval of the receiving office.

### NLRB Board Rule, 29 CFR 102.46(a)

**(a) *Exceptions and brief in support.*** Within 28 days, or within such further period as the Board may allow, from the date of the service of the order transferring the case to the Board, pursuant to § 102.45, any party may (in accordance with Section 10(c) of the Act and §§ 102.2 through 102.5 and 102.7) file with the Board in Washington, DC, exceptions to the Administrative Law Judge's decision or to any other part of the record or proceedings (including rulings upon all motions or objections), together with a brief in support of the exceptions. The filing of exceptions and briefs is subject to the filing requirements of paragraph (h) of this section

    **(1) *Exceptions.***

        **(i)** Each exception must:

            **(A)** Specify the questions of procedure, fact, law, or policy to which exception is taken;

            **(B)** Identify that part of the Administrative Law Judge's decision to which exception is taken;

            **(C)** Provide precise citations of the portions of the record relied on; and

            **(D)** Concisely state the grounds for the exception. If a supporting brief is filed, the exceptions document must not contain any argument or citation of authorities in support of the exceptions; any argument and citation of authorities must be set forth only in the brief. If no supporting brief is filed, the exceptions document must also include the citation of authorities and argument in support of the exceptions, in which event the exceptions document is subject to the 50-page limit for briefs set forth in paragraph (h) of this section.

        **(ii)** Any exception to a ruling, finding, conclusion, or recommendation which is not specifically urged will be deemed to have been waived. Any exception which fails to comply with the foregoing requirements may be disregarded.

    **(2) *Brief in support of exceptions.*** Any brief in support of exceptions must contain only matter that is included within the scope of the exceptions and must contain, in the order indicated, the following:

        **(i)** A clear and concise statement of the case containing all that is material to the consideration of the questions presented.

        **(ii)** A specification of the questions involved and to be argued, together with a reference to the specific exceptions to which they relate.

**(iii)** The argument, presenting clearly the points of fact and law relied on in support of the position taken on each question, with specific page citations to the record and the legal or other material relied on.

## Federal Rules of Appellate Procedure, FRAP 4(a)(5)

**Motion for Extension of Time.**
(A) The district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

## NLRB E-Filing and E-Service Terms and Conditions (located at https://apps.nlrb.gov/eservice/efileterm.aspx)

E-File Terms and Conditions

Section 102.5(c) of the National Labor Relations Board's Rules and Regulations requires that all documents in unfair labor practices and representation cases must be filed electronically, unless a party can establish that it does not have internet access or that use of E-Filing would impose an undue burden. This requirement includes documents filed with the Board's Office of Executive Secretary, the Division of Judges, and all General Counsel offices, including the Regional offices. E-FILINGS SHOULD NOT CONTAIN "SENSITIVE PERSONALLY IDENTIFIABLE INFORMATION" (SPII) THAT IS NOT ESSENTIAL TO THE MATTER AT ISSUE.

SPII is an individual's name in combination with one or more of the following:
- Date and/or place of birth
- Social Security number
- Mother's maiden name

- Driver's license number / passport number / other government-issued unique identification number
- Financial account number
- Credit or debit card number
- Biometric data

Please redact or remove any non-essential SPII before uploading a document for E-Filing. Examples of documents that may contain SPII include payroll records, medical records, bank statements, tax records, etc. If you believe the documents you are filing with the Agency must include unredacted SPII, you must indicate during the E-Filing process that the document contains SPII and you must specify the type of SPII the document contains (by checking the appropriate box during the document upload process). If the document submitted is no longer in its "native format" due to redaction of SPII, you must submit it in a format that retains the essential functionality of the native format (i.e., in a machine readable and searchable electronic format).

E-FILINGS CONTAINING INFORMATION COVERED BY A PROTECTIVE ORDER OR "UNDER SEAL" MUST BE DESIGNATED AS SUCH

If you are E-Filing documents, testimony, or other materials, that contain information that is subject to a protective order or has been placed "Under Seal" and must not be released to the public, you must indicate this during the E-Filing process by checking the box labeled "Information Covered by a Protective Order or Placed Under Seal." during the document upload process.

E-FILINGS MUST BE TIMELY

The National Labor Relations Board will consider electronic filings to be timely if filed up to 11:59 pm in the local time zone of the receiving office on the due date. Filings accomplished by any other means must comply with the requirements of Section 102.2 of the Board's Rules and Regulations.

- A document will be considered as timely filed if the E-Filing receipt reflects that the entire document was received by the Agency's E-Filing system before midnight local time on the due date. (Midnight is considered the beginning of the next day.)
- Parties are reminded that filings accomplished by any other means, e.g. mail, personal delivery or facsimile (if allowed), must be received by the close of business in the receiving office on the due date
- Although the Agency's E-Filing system is designed to receive filings 24 hours per day, parties are strongly encouraged to file documents in advance of the

A-7

filing deadline and during normal business hours of the receiving office in the event problems are encountered.

- The receiving office's staff will respond to non-technical questions regarding the E-Filing system during normal business hours. For technical problems, please refer to the E-Filing FAQ or send an email to e-filing@nlrb.gov If you wait until after the close of business to attempt to E-File documents and encounter problems, no one will be available to assist you.

- Technical Failure. If the Agency's E-Filing system is unable to receive documents for a continuous period of more than 2 hours after 12 noon (Eastern Time), the Agency will declare the site to be in technical failure. The Agency will post notice of the technical failure determination on the website as soon as possible. The Agency will also post notice regarding scheduled service, system maintenance or upgrades, or other events that will make the system unavailable to receive filings. If a party is prevented from E-Filing a document on its due date because of an Agency-determined technical failure, the document must be filed by 5:00 p.m. (Eastern Time) on the next business day.

- User Problems. Problems with a user's telephone lines, internet service provider, hardware, or software; user problems in understanding or following the E-Filing instructions; or rejection of a document because it contains a virus do not constitute a technical failure and will not excuse an untimely filing. A filer who cannot E-File a document because of any of these user problems must use alternate means to file timely. The Agency's offices have no lobby facilities for filing after the close of business. Thus, a user who waits until after close of business on the due date to attempt to E-File does so at his/her own peril. If you are unsure whether the problem is a technical failure or a user problem, assume it is a user problem.

ELECTRONIC FILING IS A MULTI-STEP PROCESS

You have completed the E-Filing process when you have (1) entered your data and uploaded your document(s); and (2) reviewed and confirmed your submission. Please take note of the confirmation number displayed at the end of the E-Filing process. You also will receive a confirmation email from GovDelivery. Please check your Spam folder and designate GovDelivery.com and e-filing@nlrb.gov as approved senders. Agency documents sent to the email address provided by the filer, and that are subsequently rejected by the filer's spam filter will be regarded as having been delivered.

ACCEPTABLE DOCUMENT FORMATS AND FILE SIZE

The preferred format for E-Filing briefs, pleadings, and non-evidentiary documents is Adobe's Portable Document Format (*.pdf). To make the Agency's E-Filing system more widely available to the public, however, persons who do not have the ability to submit documents in pdf format may submit briefs, pleadings, and other non-evidentiary documents in Microsoft Word format (*.doc or *.docx).

All evidentiary documents submitted electronically should be in the form in which it is normally used and maintained in the course of business (i.e., native format). Where evidence submitted electronically is not in native format, it should be submitted in a format that retains the essential functionality of the native format (i.e., in a machine-readable and searchable electronic format). At present, the Agency's E-Filing System can only accept evidentiary documents in the following file formats:

- .doc
- .docx
- .pdf
- .txt
- .xls
- .xlsx
- .csv
- .wav
- .mp3
- .jpg
- .jpeg
- .png
- .tif
- .bmp
- .mpg
- .html

E-Filed documents of the above formats must be less than one hundred megabytes (100 MB)

EFiling System will accept Media Files of the following formats and less than ten gigabytes (10 GB):

- .mp4
- .mov
- .avi
- .wav
- .wmv
- .mts
- .m4a

A-9

If you have questions about the submission of documents or evidence (e.g., you are attempting to file a document in a file format that is not listed) or expect to deliver a large quantity of electronic records, please promptly contact the Board agent investigating the charge. Please refer to this document for the most current and up-to-date list of acceptable file formats.

All documents E-Filed with the Agency must be submitted in a "read-only" status regardless of the file format.

DOCUMENTS MUST BE VIRUS-FREE

You are responsible for taking all reasonable steps to prevent sending any material to the Agency that contains computer viruses. All submissions will be scanned for viruses. Any submission that contains a virus will automatically be deleted by the Agency's computer system and thus will not be processed. Rejection of a filing because it contains a virus will not excuse a late filing.

FILING ADDITIONAL COPIES IS NOT REQUIRED

Please do not send hard copies of documents that you file electronically.

DOCUMENTS MUST BE COMPLETE

Any document submitted electronically to the Agency must be complete. Any attachments must be converted into electronic form and included as part of the document. Attachments should not be filed separately from the electronic document.

CERTAIN DOCUMENTS MUST INCLUDE STATEMENT OF SERVICE

The Agency does not serve E-Filed documents on the other parties in the case. All documents submitted to the Agency electronically, which under the Board's Rules and Regulations must be served on other parties to the case, must include a statement of service showing how that document was served on other parties in accordance with the service requirements of Section 102.5(f) of the Board's Rules and Regulations. This rule provides: "When a party does not have the ability to receive service by email or fax, or chooses not to accept service of a document longer than 25 pages by fax, the other party must be notified personally or by telephone of the substance of the filed document and a copy of the document must be served by personal service no later than the next day, by overnight delivery service, or by fax or email as appropriate. Unless otherwise specified elsewhere in these Rules, service

on all parties must be made in the same manner as that used in filing the document with the Board, or in a more expeditious manner."

"E-SERVICE" OF AGENCY-ISSUED DOCUMENTS

Parties who voluntarily register for electronic service ("E-Service") will be e-mailed a link to the electronically issued document(s) being served or delivered in their case. This will constitute formal service or delivery of the electronically issued document(s) – physical copies of the document(s) will not be delivered to parties who register for E-Service. Parties who register for E-Service agree that this service or delivery fulfills the Board's obligations for service of documents under the National Labor Relations Act, 29 U.S.C. § 161(4). Documents that are not electronically issued by the Agency will continue to be served or delivered in hard copy via customary means. Parties who register for E-Service should designate GovDelivery.com and e-Service@nlrb.gov as approved senders in their spam filter configuration. Agency documents sent to the email address provided that are rejected by the recipient's spam filter will be regarded as having been served or delivered.

OFFICIAL BUSINESS

Outside parties may send to the Agency only electronic communications dealing with official Agency business. Unauthorized attempts to use the NLRB's E-Filing system are strictly prohibited and may be punishable under the Computer Fraud and Abuse Act of 1986 and the National Information Infrastructure Protection Act. We take precautions to maintain the security, confidentiality, and integrity of the information we collect at this site. Such measures include access controls designed to limit access to the information to the extent necessary to accomplish our mission. We also employ various security technologies to protect the information stored on our systems.